UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATLIN INSURANCE COMPANY, INC., <br> Plaintiff, <br> v. <br> DANKO MEREDITH, <br> Defendant. | Case No. 20-cv-01345-HSG <br><br> **ORDER DENYING MOTION TO STRIKE AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** <br><br> Re: Dkt. No. 21 |

Pending before the Court is Defendant Danko Meredith's motion to strike and motion to dismiss. Dkt. No. 21. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion to strike and **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss.

I. **BACKGROUND**

Plaintiff Catlin Insurance Company, Inc. filed this action on February 21, 2020, to recover a duplicative settlement payment. Dkt. No. 1. Plaintiff subsequently amended the complaint. *See* Dkt. No. 14 ("FAC"). Plaintiff alleges that it inadvertently made two settlement payments in connection with an underlying lawsuit in California state court.

Following a plane crash in July 2012, Defendants represented the heirs of one of the decedents in a wrongful death action against Able Air Corporation, an aircraft maintenance facility. *See* FAC at ¶ 4; *see also* Dkt. No. 21-1 ("Danko Decl.") at ¶ 2. Plaintiff provided liability insurance coverage for Able Air to defend itself in the litigation. *See* Dkt. No. 24 ("Breitenbach Decl.") at ¶ 3. In October 2017, Able Air settled with one of the heirs, LaVerne Boolen. *See id.* at ¶ 9. The settlement was memorialized in a written agreement, dated March 5, 2018. *See id.*; Dkt.

No. 25 ("Hanson Decl."), Ex. A. In the agreement, Ms. Boolen agreed to release all claims against Able Air and Plaintiff for $180,000. *See* Hanson Decl., Ex. A. Plaintiff alleges that on April 30, 2018, it wired the settlement payment in the amount of $180,000 to Defendant's trust account, and that two days later, on May 2, 2018, it accidentally sent Defendant a duplicative settlement check, also in the amount of $180,000. *See* FAC at ¶¶ 10–11. Plaintiff further alleges that Defendant was aware of this duplicate payment, but said nothing. *See id.* at ¶¶ 12–14. Plaintiff only discovered the duplicative payment over a year later, on July 5, 2019. *See id.* at ¶ 15. Plaintiff alleges that Plaintiff informed Defendant of the mistake, and requested its assistance with returning the overpayment. *See id.* at ¶¶ 16–17. However, Defendant refused to return the funds. *See id.* at ¶¶ 18–19. Based on these facts, Plaintiff brings three causes of action against Defendant based on this duplicative payment: (1) unjust enrichment; (2) conversion; and (3) breach of fiduciary duty. *See* FAC at ¶¶ 22–34.

In response, Defendant contends that after Able Air settled with Ms. Boolen, the underlying action proceeded to trial on behalf of the remaining heirs. *See* Danko Decl. at ¶ 7. The jury returned a defense verdict, though the heirs indicated that they would appeal. *Id.* In February 2019, the parties entered into a global settlement agreement, including Ms. Boolen and the other heirs, Able Air, and Plaintiff. *See* Danko Decl. at ¶ 8; *see also id.*, Ex. E ("Mutual Waiver Agreement"). In the Mutual Waiver Agreement, the heirs agreed to waive their rights to appeal the judgment and any post-trial litigation arising from the jury trial and plane crash. *See id.*, Ex. E at 1–2. The parties also agreed that the agreement constituted "a full and final and complete waiver and discharge of all claims of every sort and nature" resulting from matters litigated in the jury trial and from the plane crash, and that the parties would be "responsible for their own past, present and future attorney fees, costs and liens." *Id.* at 2. Defendant urges that Plaintiff's current action to recover the duplicative settlement payment is not only barred by this Mutual Waiver Agreement, but also that this action is predicated on protected activity and thus triggers California's anti-SLAPP statue, Cal. Civ. P. Code § 425.16. *See generally* Dkt. No. 21. Defendant now moves to strike the amended complaint under California's anti-SLAPP statute, or in the alternative to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

2

## II. LEGAL STANDARD

### A. Motion to Strike

Under California's anti-SLAPP statute, "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. P. Code § 425.16. The statute was enacted to curtail "strategic lawsuits against public participation," that were "brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances." *Id.* § 425.16(a). Because "it is in the public interest to encourage continued participation in matters of public significance, and [because] this participation should not be chilled through abuse of the judicial process," the anti-SLAPP statute is to be construed broadly. *Id.*

California courts apply a two-step process for analyzing an anti-SLAPP motion. *Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010). Under the first prong, the moving party must make "a threshold showing . . . that the act or acts of which the plaintiff complains were taken 'in furtherance of the right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute." *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (Cal. 2002) (quoting Cal. Civ. P. Code § 425.16(b)(1)). If the moving party meets its threshold showing, then the burden shifts to the non-moving party to prove a probability of prevailing on the claim. *See id.* at 67.[1]

---

[1] Since 1999, the Ninth Circuit has determined that the motion to strike and attorneys' fees provisions of California's anti-SLAPP statute, Cal. Civ. P. Code § 425.16(b)–(c), are available in federal court because there is no "direct collision with the Federal Rules." *See U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972–73 (9th Cir. 1999) (quotation omitted). Yet a number of judges have questioned this holding. *See, e.g.*, *Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1182–86 (9th Cir. 2016) (Kozinski, J., concurring); *id.* at 1186 (Gould, J., concurring); *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 274–75 (9th Cir. 2013) (Kozinski, J., concurring); *see also id.* at 275–76 (Paez, J., concurring); *cf. Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1333–37 (D.C. Cir. 2015) (rejecting application of District of Columbia's anti-SLAPP statute in federal court). The Court applies the statute in this case as required by binding case law, but shares the concern that this interpretation of the statute "vastly understates the disruption when federal courts apply the California anti-SLAPP statute,"

**B.     Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Id.* However, a plaintiff must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. The Court does not credit allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).

**III.    DISCUSSION**

**A.     Motion to Strike**

As noted above, to be subject to an anti-SLAPP motion, the cause of action must arise from an act "in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." Cal. Civ. P. Code § 425.16(b). Subdivision (e) delineates the four types of acts that constitute a protected "act in furtherance of a person's right of petition or free speech." Cal. Civ. P. Code § 425.16(e). These include, as relevant here, "(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law . . . ." *Id.* The statute "shall be construed broadly" to safeguard "the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. P. Code § 425.16(a). Here, Defendant contends that Plaintiff's allegations concern the underlying wrongful death action and the parties' settlement discussions, including the Mutual Waiver Agreement. *See* Dkt. No. 21 at 9–14. As such, Defendant argues

---

particularly as it interacts with Rule 12 and its plausibility standard. *See Makaeff*, 715 F.3d at 274 (Kozinski, J., concurring).

that they arise from protected litigation-related activities.

Courts have found that "[a] settlement agreement executed in the context of active litigation is made in connection with an issue under consideration or review by a . . . judicial body." *See O&C Creditors Grp., LLC v. Stephens & Stephens XII, LLC*, 42 Cal. App. 5th 546, 566 (Cal. Ct. App. 2019), *as modified* (Dec. 17, 2019) (quotation omitted). However, "[t]o determine whether a claim meets the 'arising from' requirement of the anti-SLAPP statute, [courts] consider the principal thrust or gravamen of a plaintiff's cause of action." *O&C Creditors*, 42 Cal. App. 5th at 613–14. A defendant must "demonstrate that the *defendant's conduct by which plaintiff claims to have been injured* falls within one of the four categories described in subdivision (e) . . . ." *Park v. Bd. of Trustees of California State Univ.*, 2 Cal. 5th 1057, 1063 (Cal. 2017) (quotation omitted) (emphasis in original). "Allegations of protected activity that merely provide context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute." *Baral v. Schnitt*, 1 Cal. 5th 376, 394 (Cal. 2016). As the California Supreme Court has explained:

> [A] claim is not subject to a motion to strike simply because it contests an action or decision that was arrived at following speech or petitioning activity, or that was thereafter communicated by means of speech or petitioning activity. Rather, a claim may be struck only if the speech or petitioning activity itself is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted.

*Park*, 2 Cal. 5th at 1060. "In short, in ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." *Id.* at 1063.

The Court finds that this action does not arise from protected activity, with the consequence that the motion to strike must be denied. Although Plaintiff's complaint references the underlying litigation and settlement agreements, those facts simply provide context for the inadvertent $180,000 payment, and explain Plaintiff's theory as to why it is wrongful for Defendant to retain double the agreed-upon settlement amount. The retention of a duplicate payment sent by mistake is not protected activity. *Cf. Old Republic Constr. Program Grp. v. The*

*Boccardo Law Firm, Inc.*, 230 Cal. App. 4th 859, 870 (Cal. Ct. App. 2014) ("[M]erely citing a settlement agreement as the basis for a duty allegedly breached by the defendant is not enough, by itself, to bring a cause of action for the breach within the statute."). "If the protected status of an underlying agreement furnished sufficient ground to invoke the anti-SLAPP statute against a claim for breach of that agreement, it would follow that every suit to enforce a settlement agreement would be subject at the threshold to a SLAPP motion." *Id.* It is also clear that Plaintiffs are not in any way challenging the formation of the settlement agreement or the Mutual Waiver Agreement. It would be an unjust distortion of the principles underlying the anti-SLAPP statute to read them as Defendant urges, and the Court will not do so.

Because the Court finds that Defendant has failed to establish that Plaintiff's causes of action arise from protected activity, the Court need not address whether Plaintiff has established a probability of prevailing on the merits.

### B. Motion to Dismiss

Although Defendant does not proffer any distinct arguments, it states that it also moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 21 at 2. Defendant contends that all three of Plaintiff's causes of action are barred by California's litigation privilege, Cal. Civ. Code § 47(b), and that Plaintiff's claims also fail because Defendant does not owe Plaintiff a duty.

#### i. Litigation Privilege

"[T]he [litigation] privilege [in California] applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (Cal. 1990). The litigation privilege also applies to statements made by counsel during settlement negotiations. *See Downing v. Zimmerman*, 85 Cal. App. 4th 1400, 1422 (Cal. Ct. App. 2001).

Defendant notes that the protections under the litigation privilege are co-extensive with the anti-SLAPP statute, as both are intended to protect litigants' rights to access the courts without fear of reprisal. *See* Dkt. No. 21 at 15. But as already discussed, Plaintiff's claims do not arise out

6

of any communications related to the underlying state court action. The litigation privilege is thus inapplicable to Plaintiff's causes of action in this case.

### ii. Fiduciary Duty

Defendant urges that it had no duty to protect Plaintiff's interests as an adverse party. *See* Dkt. No. 21 at 16. Yet only Plaintiff's breach of fiduciary duty claim requires the existence of a duty between Plaintiff and Defendant. The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach. *See Knox v. Dean*, 205 Cal. App. 4th 417, 432–33 (Cal. Ct. App. 2012). Plaintiff alleges that Defendant "owed a fiduciary duty to Plaintiff because lawyers owe trust accounting duties for all funds the lawyer or law firm receives or holds for the benefit of another." *See* FAC at ¶ 31.

In support of its contention that Defendant had a fiduciary relationship with Plaintiff when Plaintiff sent it the settlement funds, Plaintiff cites several cases involving disciplinary proceedings before the California State Bar. In *Johnstone v. State Bar*, for example, the California Supreme Court explained that "[w]hen an attorney receives money on behalf of a third party who is not his client, he nevertheless is a fiduciary as to such third party." *Johnstone v. State Bar*, 64 Cal. 2d 153, 155 (Cal. 1966); *see also Crooks v. State* Bar, 3 Cal. 3d 346, 358 (Cal. 1970) (holding that lawyer who agrees to act as escrow or stakeholder for a client and a third-party owes a duty to the nonclient with regard to held funds). Critically, however, none of these cases involved adverse parties. Plaintiff does not cite—and the Court is not aware—of any authorities that hold that a party has a fiduciary relationship with an adverse party, or with an adverse party's counsel, based solely on the exchange of a settlement payment. The Court finds that Plaintiff has therefore failed to establish the existence of a fiduciary relationship between Plaintiff and Defendant.

The Court accordingly **GRANTS** the motion to dismiss as to Plaintiff's fiduciary duty claim, but **DENIES** the motion as to Plaintiff's remaining causes of action. Given the inarguable nature of the relationship between Plaintiff and Defendant, the Court finds that Plaintiff could not cure the defects in its fiduciary duty claim by alleging more facts. The Court therefore dismisses Plaintiff's fiduciary duty claim without leave to amend. *See Chaset v. Fleer/Skybox Int'l, LP*, 300

F.3d 1083, 1088 (9th Cir. 2002) (finding that because plaintiff cannot "cure the basic flaw" in the pleading, "any amendment would be futile," and "there is no need to prolong litigation by permitting further amendment").

## IV. CONCLUSION

Accordingly, the Court **DENIES** the motion to strike; **GRANTS IN PART** the motion to dismiss without leave to amend as to Plaintiff's fiduciary duty claim; and otherwise **DENIES** the motion to dismiss in its entirety. The Court notes that Defendant does not appear to dispute that it received the inadvertent double-dip settlement payment, but advances a theory apparently premised in significant part on the venerable legal principle of "finders, keepers." The Court urges the parties to consider whether they can resolve this matter between themselves without further litigation.

The Court also **SETS** a telephonic case management conference on March 16, 2021, at 2:00 p.m. All parties, counsel, and members of the public and press may use the following dial-in information below to access the conference line:

**Dial In:** 888-808-6929

**Access Code:** 6064255

The parties shall also file a joint case management stated by March 9, 2021, and be prepared to discuss how to move this case forward efficiently.

**IT IS SO ORDERED.**

Dated: 2/26/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge