UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATLIN INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> DANKO MEREDITH, <br><br> Defendant. | Case No. 20-cv-01345-HSG <br><br> **ORDER DENYING MOTION TO AMEND JUDGMENT** <br><br> Re: Dkt. No. 43 |

Pending before the Court is Plaintiff Catlin Insurance Company, Inc's motion to amend the judgment to include both pre- and post-judgment interest. Dkt. No. 43. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

The parties are familiar with the facts of this case. Catlin filed this action to recover a duplicative settlement payment that it made in connection with an underlying lawsuit in California state court. *See* Dkt. No. 14 ("FAC"). Following a plane crash in July 2012, Defendant Danko Meredith represented the heirs of one of the decedents, Michael Boolen, in a wrongful death action. *See* Dkt. No. 36-1 ("Danko Decl.") at ¶ 2; *see also id.* at Ex. A. Catlin wired the settlement payment in the amount of $180,000 to Danko Meredith's client trust account. *See* Dkt. No. 35-2, Ex. B. Two days later, Catlin sent Danko Meredith a check, also in the amount of $180,000. *See id.*, Ex. D. The check was sent in error. *See id.* at ¶ 9. Danko Meredith acknowledged that it received the duplicative payment. *See* Dkt. No. 36 at 1. However, it refused to return the funds and argued that Catlin somehow waived its right to return of the payment. *See, e.g.*, Dkt. No. 36 at 8–15. In resolving Catlin's motion for summary judgment, the Court rejected Danko Meredith's arguments and granted Catlin's motion. *See* Dkt. No. 40.

1    During the hearing on the motion, the Court specifically asked counsel whether Catlin was
2    seeking any relief beyond the return of the $180,000 duplicative payment.  The Court noted, for
3    example, that in addition to the return of the $180,000 duplicative payment, the complaint also
4    requested "compensatory damages, plus interest," attorneys' fees, and costs.  *See* FAC at 7
5    ("Prayer for Relief").  Catlin had not referenced interest, fees, or costs in its motion or at the
6    hearing.  *See* Dkt. No. 35.  The Court explained that it wanted to understand the full extent of the
7    recovery Catlin was seeking and whether any further briefing would be necessary to resolve this
8    case.  Both parties confirmed that nothing more was required after entry of the order on the motion
9    for summary judgment.  And Counsel for Catlin confirmed that it was not seeking additional
10   damages in this case.  *Cf. Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175–76 (1989) (noting
11   that prejudgment interest is considered part of a party's compensatory damages).  Relying on
12   Catlin's representations, the Court entered judgment in favor of Catlin in the total amount of
13   $180,000.  *See* Dkt. No. 40 at 12 ("During the hearing on the motion Plaintiff clarified that it is
14   only seeking the return of the $180,000 and waives any other request for attorneys' fees or further
15   damages.").
16   Neither in its briefing nor during the hearing did Catlin assert that it was seeking pre- or
17   post-judgment interest in addition to restoration of the duplicative settlement payment.
18   Nevertheless, Catlin now argues for the first time that in addition to return of the duplicative
19   payment, it also seeks prejudgment and post-judgment interest.  *See generally* Dkt. No. 43.
20   Catlin brings its motion under Federal Rule of Civil Procedure 59(e).  *See* Dkt. No. 43 at 1;
21   *see also McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1133 (9th Cir. 2004) (holding
22   that motion to include mandatory prejudgment interest, filed over a year after judgment entered,
23   was not a correction of a clerical error and had to be brought under Rule 59(e)).  Under Rule 59(e),
24   "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the
25   judgment."  Fed. R. Civ. P. 59(e).  The Ninth Circuit has clarified that such motions may only be
26   granted in limited circumstances:  "(1) the district court is presented with newly discovered
27   evidence, (2) the district court committed clear error or made an initial decision that was
28   manifestly unjust, or (3) there is an intervening change in controlling law."  *See Zimmerman v.*

*City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  But despite citing Rule 59(e), Catlin has failed to establish that any of these grounds have been met here.  Catlin identifies no new evidence, no clear error, no change in law, and no other extraordinary circumstances to justify relief from the Court's prior order or amendment of the judgment, particularly in light of counsel's representations at the hearing.  Accordingly, the Court **DENIES** the motion to amend the judgment.

**IT IS SO ORDERED.**

Dated: 5/20/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge